(100 South. 483)
## SANDERS et al. v. CITY OF TROY.
### (4 Div. 133.)

(Supreme Court of Alabama. May 22, 1924.)

**1. Municipal corporations** ⚎293(2)—**Ordinances held to comply with statute requiring description of materials for pavement of streets.**

Initial improvement ordinances, describing the general character of the materials to be used in paving as "vitrified paving brick on a concrete foundation, concrete, asphaltum, asphaltum mixture, or woodblock pavement," *held* sufficient under Code 1907, § 1361, providing for the statement of the general character of the materials to be used.

**2. Municipal corporations** ⚎293(2)—**Street improvement ordinances held sufficient.**

Initial improvement ordinances, directing that improvements be made in accordance with the established grade on file in the office of the city clerk and according to full details, drawings, plans, specifications, etc., to be prepared by the city engineer as early as practicable and placed on file in the office of the city clerk not later than two weeks prior to a specified date, where the property owners might see and examine them, *held* sufficient under Code 1907, § 1361.

**3. Municipal corporations** ⚎304(5)—**Street improvement order held sufficient.**

In proceedings for street improvements under Code 1907, § 1359, city council's order that the improvements be made as provided in ordinances previously adopted and in accordance with the details, drawings, plans, specifications, surveys, and estimates prepared by the city engineer and on file, *held* sufficient under section 1364.

**4. Municipal corporations** ⚎918(1)—**Constitutional provision inapplicable to bonds issued for street improvements.**

Const. 1901, § 222, prohibiting bond issues without approval of voters, by its express provisions does not apply to bonds issued by cities for street and sidewalk improvements, the cost of which is to be assessed in whole or in part against the property abutting.

**5. Municipal corporations** ⚎921(2)—**City may sell bonds at discount, where discount will not make interest exceed rate allowed by statute.**

Under Gen. Acts (Sp. Sess.) 1920, p. 116, city had right to sell bonds at 95 per cent. of their face or par value, to bear interest at 6 per cent. per annum, where the discount taken in connection with the 6 per cent. interest will not make the bonds bear interest exceeding the rate allowed by such statute.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Bill for injunction by W. B. Sanders, G. W. Hamil, and W. A. Bradley against the City of Troy, to restrain the letting of improvement contracts and issuance of bonds therefor. Decree denying relief, and complainants appeal. Affirmed.

Ballard & Brassell, of Troy, for appellants.

The preliminary ordinance must describe the nature and extent of the work and the general character of the materials to be used. Code 1907, §§ 1361, 1362; Garner v. City of Anniston, 178 Ala. 430, 59 South. 654. Proposals for bids are at variance with the initial ordinances and are void. Code 1907, § 1362; 28 Cyc. 1027.

T. L. Borom and Wilkerson & Brannen, all of Troy, for appellee.

The statement in the ordinances of the general character of materials to be used was sufficient. Code 1907, § 1361; Acts 1909, p. 206, § 126; Garner v. City of Anniston, 178 Ala. 430, 59 South. 654; Henderson v. City of Enterprise, 202 Ala. 277, 80 South. 115. It

is no objection that one contract covers the whole improvement, if the expense may be separately ascertained and assessed against each abutting property owner. City of Albany v. Spragins, 208 Ala. 122, 93 South. 803.

MILLER, J. This is a bill in equity filed by W. B. Sanders and others against the city of Troy, a municipal corporation. The complainants are each resident citizens and taxpayers of this municipality. They are each over the age of 21 years, and each owns land on streets and avenues in this city, which are proposed by the defendant to be paved.

The complainants by the bill seek temporary and permanent injunction to restrain and enjoin the city of Troy from letting any contract for the pavement and improvement of the streets and avenues and from executing and delivering bonds as proposed to secure the money to pay for these pavements and improvements.

The bill for temporary injunction was presented to Hon. W. L. Parks, judge of the circuit court, in equity, of Pike county on February 28, 1924. He set it for hearing on March 15, 1924, in the courtroom at Troy, Ala., and directed that defendant have six days' notice thereof, and ordered that defendant be temporarily restrained from making the contracts mentioned and from executing the bonds until this hearing of the application for temporary injunction, upon complainants giving bond in the sum of $1,000, conditioned, payable, and to be approved as the statute provides. The application for the temporary injunction at the hearing was submitted to him by complainants on their bill of complaint as amended, verified by affidavit, and by the defendant on full answer verified by affidavit and ex parte affidavits. The judge of the court refused the application for the temporary injunction, indorsed his refusal on the bill as amended, and signed his name as judge thereto. The complainants under the statute (section 4531, Code 1907) within ten days thereafter appealed from this order, and it is the error assigned.

It appears from the bill as amended and the answer that the council of the city of Troy determined to improve and pave certain streets and avenues in this city, the cost of which is proposed to be assessed against the property abutting on the improvement and pavement, as the statute (section 1359, Code 1907) permits; and the city council in furtherance of that purpose adopted three separate and distinct ordinances, each for paving different streets and avenues in the city, under section 1361, Code 1907.

The complainants insist this temporary and permanent injunction should issue because the city council by these separate ordinances did not comply with section 1361 of the Code, in that each ordinance failed to state "the general character of the material to be used" in paving the different streets and avenues, mentioned therein. Each of these ordinances describes the general character of the materials to be used in paving the proposed streets and avenues in the same words as follows:

"Shall be paved with vitrified paving brick on a concrete foundation, concrete, asphaltum, asphaltum mixture or woodblock pavement."

[1] The statute requires the general character of the materials to be used in paving the streets to be stated in the ordinance or resolution. This ordinance gives in the alternative five descriptions of the general character of the materials proposed for paving the streets. Are they each and all, separately and severally, sufficient in the description of the general character of the material to be used in paving the streets to meet the requirements of the statute? This is necessary. Garner v. City of Anniston, 178 Ala. 430, headnote 5, 59 South. 654. The first one is vitrified paving brick on a concrete foundation. This means a pavement made of paving brick, glazed like glass by heat and fusion placed on a foundation of concrete which is a mixture of sand, gravel, pebbles, or stone clippings with cement. A similar description in an ordinance of the general character of the materials to be used in paving the streets was held by this court to comply with the statute in Henderson v. City of Enterprise, 202 Ala. 277, headnote 3, 80 South. 115. The second alternative is a "concrete pavement." "Concrete" is defined by Webster as a mixture of sand, gravel, pebbles, or stone clippings with cement or with tar used for sidewalks or roadways, etc. This description, "concrete pavement," carries with it the general character of the materials composing it as the statute contemplates. The third alternative is "asphaltum pavement"; and the fourth is "asphaltum mixture pavement"; and the fifth is woodblock pavement. These three descriptions in the ordinance of the general character of the material to be used in paving the streets are practically approved as sufficient by this court in Garner v. City of Anniston, 178 Ala. 430, 441, 59 South. 654. "Asphaltum" is defined by Webster as a composition of ground asphalt rock and bitumen, of bitumen lime and gravel, or even of coal tar, lime, sand, etc., used for forming pavement. The statute does not purpose that every ingredient and the quantity thereof, composing the pavement when completed, shall be stated in the ordinance, but the general character of the material to be used shall be stated therein. This court in Garner v. City of Anniston, supra, illustrated what would be an apt and adequate statement of the general character of the materials to be used in the pavement to appear in the ordinance so as to meet the design of the statute. It stated the requirements of the statute would be complied with if the ordinance stated "that the proposed

improvement is to be constructed of stone or brick or asphalt or wood or a combination of bituminous products and crushed stone, which makes what is commonly known as bitulithic pavement." Under this authority we must hold that 'each of the five alternative descriptions of the general character of the materials proposed to be used in paving the streets, and avenues as they appear in each of the three initial ordinances, meets the requirement of the statute (section 1361, Code 1907) Garner v. City of Anniston, 178 Ala. 430, 59 South. 654; Henderson v. City of Enterprise, 202 Ala. 277, 80 South. 115.

[2] Each of the three initial ordinances directed:

"That said improvements shall be made in accordance with the established grade on file in the office of the city clerk for said portions of said streets and according to full details, drawings, plans, specifications, surveys and estimates of said work which shall be prepared by the city engineer as early as practicable, and placed by him on file in the office of the city clerk of the city of Troy, Alabama, in the city hall not later than two weeks prior to the date named in section 5 of this ordinance where the property owners who may be affected by said improvements may see and examine the same."

This was in full compliance with the statute (section 1361), and the pleading and proof indicate that the city engineer performed the service as the ordinance directed.

It appears from the answer that the notice to the contractors for sealed proposals, published by the city, in describing the different kinds of paving, for which proposals were desired, followed the very language used in the initial ordinances. It did not call for sealed bids or proposals for "any other type, with specifications attached 58,000 sq. yards."

[3] The city council after hearing objections, protests, and remonstrances against making the improvements and the material proposed in the ordinances to be used, from the citizens and owners of the property abutting the streets and avenues to be paved, did by more than a two-thirds vote of those elected to the city council, pass a resolution and order "that said improvements be made as provided in said ordinances" and "in accordance with the details, drawings, plans, specifications, surveys and estimates of said work prepared by the city engineer, and now on file in the city hall, in office of clerk of the city of Troy." This order is permissible under section 1364 of the Code of 1907.

There is nothing in this resolution indicating the city council's intent to contract to pave the streets or avenues with materials different in their general character from the description thereof as proposed in the three original, initial ordinances; but it appears they intend to make the improvements as provided in the ordinances.

There is nothing in the pleading or proof indicating that the defendant cannot and will not make the contracts for the paving of the streets and avenues under these ordinances, so that the cost and expenses of all the works and improvements, on each street, can be ascertained, so it can be assessed against the property abutting thereon to the extent of not exceeding the increased value of such property by reason of the special benefits derived from such improvement, as the statute (section 1359, Code 1907) contemplates and requires. City of Albany v. Spragins, 208 Ala. 122, 93 South. 803.

[4] The appellant insists this temporary injunction should issue because the defendant proposes to issue and sell bonds at 95 cents on the dollar, bearing 6 per cent. interest per annum, to procure means to pay for the improvements contemplated under the ordinances. It appears after notice and advertisement for bidders for the bonds, the highest bidder was 95 per cent. of the par value. The pleading and proof indicate that it is necessary to sell $300,000 in bonds to secure needed funds to make the improvements under the ordinances; and these bonds are to bear 6 per cent. interest; this would make the interest at the rate of 6.51 per cent. per annum on the bonds. This city of Troy has a population of over 5,000; yes, over 6,000, from the record. Section 222 of the Constitution of 1901 has no application to bonds issued by cities "to procure means to pay for street and sidewalk improvements or sanitary or storm water sewers, the cost of which is to be assessed, in whole or in part, against the property abutting said improvements or drained by such sanitary or storm water sewers."

[5] The act approved October 8, 1920 (Gen. Acts 1920, p. 116, Special Session), has been declared violative of section 45 of the Constitution in its retroactive aspect as it appears in section 3, and as violative of section 222 of the Constitution in applying to bonds to be issued by counties after a rate therein authorizing the bonds to be sold at par and fixing the rate of interest they are to bear. Wallace v. Ball, 205 Ala. 623, 88 South. 442. This act allows bonds to be issued by cities with population of over 5,000, and the rate of interest on them shall not exceed 7 per cent. per annum; but it permits the governing body of the city issuing such bonds to fix a lower rate of interest, and sell such bonds below par, provided they are not sold at such a discount as will cost the city a greater rate of interest, taking the discount into consideration, than 7 per cent. per annum. The complainants cannot justly complain at the defendant proposing to sell these bonds at 95 per cent. of their face or par value, to bear interest at 6 per cent. per annum, as the proof shows this discount taken in connection with the 6 per cent. interest will make the bonds bear 6.51 per cent. in-

terest per annum, which is less than the rate permitted and allowed by the statute. Gen. Acts 1920, p. 116; Carmichael v. City of Dothan, post, p. 492, 100 South. 643.

We have considered carefully every point insisted on in the argument of appellants, which they claim entitles them to injunctive —temporary injunctive—relief. We find nothing in the proceedings and purposes of the defendant, pointed out by appellants in their argument, that will' give them the right to injunctive relief as prayed for in the bill of complaint as amended.

The judge of the circuit court properly entered an order on the bill of complaint refusing the temporary writ of injunction, and this order is approved and affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.