## STOVALL v. CITY OF JASPER.
### (6 Div. 699.)

(Supreme Court of Alabama. Oct. 28, 1926. Rehearing Denied Nov. 26, 1926.)

**1. Municipal corporations &#9758;293(2)—Resolution authorizing pavement with sheet asphalt, asphaltic concrete, or bitulithic pavement held to sufficiently state general character of materials (Code 1923, § 2176).**

Resolution authorizing pavement with "sheet asphalt, asphaltic concrete, or bitulithic pavement" *held* to sufficiently state general character of materials to be used, as required by Code 1923, § 2176, enumerated materials being all of same general character.

**2. Municipal corporations &#9758;293(2)—Resolution enumerating several paving materials in alternative sufficiently states general character of materials (Code 1923, § 2176).**

Paving resolution requiring pavement with asphaltic concrete, sheet asphalt, bitulithic paving, vitrified brick, or Portland cement paving *held* to satisfy requirement of Code 1923, § 2176, for statement of general character of materials to be used.

**3. Municipal corporations &#9758;438—Evidence of buildings in vicinity and opening of other streets held inadmissible on question whether passing assessment was in excess of increased value of property (Const. 1901, §§ 223, 23).**

In view of Const. 1901, § 223, limiting assessment for sidewalks or pavement to increase value of property, and section 23, forbidding taking of private property, evidence that buildings had gone up in vicinity of lots after pavement, and that other streets had been opened in general neighborhood *held* inadmissible as authorizing increase of assessment by reason of general public methods.

**4. Evidence &#9758;142(3)—Evidence of sale price of lots near paving, as bearing on increased value, is admissible only when sales were within reasonable time after improvement.**

Evidence as to prices paid at voluntary sales for similar lots in vicinity of paving, as bearing on question of special benefit, is admissible only when such sales were made within reasonable time after improvement.

**5. Municipal corporations &#9758;511(2)—Where lot owner introduced testimony of inferior character of pavement, evidence showing serviceable quality thereof was admissible.**

Where lot owner introduced testimony showing inferior character of pavement in front of property, evidence of good and serviceable quality thereof was admissible.

**6. Evidence &#9758;483(4)—Testimony that pavement looked as though planted in cotton held inadmissible on appeal from assessment.**

Testimony that pavement looked like it had been planted in cotton *held* properly excluded, in proceedings on appeal from assessment.

**7. Municipal corporations &#9758;511(2)—Charge that improvement must peculiarly or specially benefit property held properly refused as misleading.**

In proceedings on appeal from paving assessment, charge that improvement must peculiarly or specially benefit the owner *held* properly refused because of use of term peculiarly.

**8. Municipal corporations &#9758;438—Paving assessment cannot be levied on basis of general enhancement in value of property.**

Paving assessment cannot be levied on basis of general enhancement in value of property, as distinguished from enhanced value from special benefits from improvements.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Appeal by A. M. Stovall from assessments made against his property for street improvements by the City of Jasper. From judgments for the City, defendant appeals. Reversed and remanded.

The question propounded by plaintiff to witness Lollar and made the basis of the fifth assignment of error is as follows:

"Q. Now, Mr. Lollar, I will ask you if, after the construction of this same kind of pavement extended East on the same Nineteenth street, the property over there, very much further out from the business part than this property down here is, didn't it sell at public sale for—the property this side, just this side of that known as the Camak property—for upwards of $80 a front foot, and the purchasers also agreeing to take care of the paving, which would make it around $100 a front foot?"

Charges 5 and 6, refused to defendant, are as follows:

"(5) In order to charge the property of Dr. Stovall, in this case, with any of the cost of the improvement, the same must peculiarly or specially benefit the owner.

"(6) No assessment can be levied on the basis of a general enhancement in the value of the property, as distinguished from an enhanced value resulting from special benefits resulting to the owner from the improvements."

D. A. McGregor, of Jasper, for appellant.

The ordinances here involved are void for failure to specify the general character of materials to be used in paving, as required by the statute. Code 1923, § 2176; Garner v. City of Anniston, 2 Ala. App. 389, 56 So. 874; Garner v. City of Anniston, 178 Ala. 430, 59 So. 654. Charges 5 and 6 correctly state the

———

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

law, and their refusal was error. Const. 1901, § 223; City of Montgomery v. Birdsong, 126 Ala. 651, 28 So. 522; City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486; Ex parte Hill, 194 Ala. 559, 69 So. 598. Evidence as to the enhancement in value of property by reason of paving in other parts of town was erroneously admitted. City of Tuscaloosa v. Hill, supra. Defendant was entitled to show the character of the paving done on the street in question, as by the testimony of the witness Lollar that "it looked like it had been planted in cotton last year." Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325.

Chas. R. Wiggins, W. C. Davis, and Curtis, Pennington & Pou, all of Jasper, for appellee.

W. J. Wynn and James H. Willis, both of Birmingham, and Leo Leva, of Selma, amici curiæ.

The original ordinances, passed in 1919, complied with the statute. It is within the power of the municipality to select the kind of material to be used. After such selection, the property owner has the right to be heard, and, if he fails to file his objections, he is held to have waived same. Code 1907, § 1359; Acts 1909, p. 197; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746. As to the validity of the initial ordinance, the doctrine of stare decisis must apply. Garner v. City of Anniston, supra; Sanders v. City of Troy, 211 Ala. 331, 100 So. 483; 7 R. C. L. 1000. Section 2210 of the Code of 1923 is curative of all defects, if any there be. Hood v. City of Bessemer, supra; Garner v. City of Anniston, 178 Ala. 430, 59 So. 654. Charges 5 and 6 were properly refused. Hood v. City of Bessemer, supra (headnote 2). Payne v. Spragins, 207 Ala. 264, 92 So. 466. At any rate, they were covered by the oral charge, and their refusal was harmless error. Code 1923, § 9508; Brock v. Speake, 205 Ala. 29, 87 So. 532. Evidence relating to value of the property or lots immediately before and after the improvement went to the question of special benefits, and rulings thereon were without error. Hood v. City of Bessemer, supra; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405.

SAYRE, J. This appeal involves the validity of three certain separate assessments of street paving costs against properties owned by appellant. By agreement of the parties and with the consent of the court, the cases were tried as one.

Appellant objected in the trial court, and renews his objection here, that the initial resolutions authorizing the paving of the streets—one of the lots was a corner lot—were nullities for the reason that they failed to state "the general character of the materials to be used," according to the prescription of the statute of force at the time; viz., section 1361 of the Code of 1907. That section appears in the Code of 1923 as section 2176.

[1] The resolution for the paving of Nineteenth street provided that the street should "be paved with sheet asphalt, asphaltic concrete, or bitulithic pavement." The materials thus enumerated are of the same general character, within the meaning of the statute, all being based upon the cohesive and insoluble qualities of bitumen or asphalt, which is a bituminous substance.

Appellant relies upon Garner v. Anniston, 178 Ala. 430, 59 So. 654, decided in 1912. In that case, the resolution under scrutiny undertook to comply with the statute by providing that "the street should be paved with bitulithic pavement, vitrified brick, or other approved material." It is clear, we think, that the last clause of the quoted provision, apart from anything else, was enough to render the resolution, upon which the ordinance depended, so indefinite and uncertain as to deprive it of all reasonable support in the statute.

[2] So far as concerns the validity of the initial resolution by the city council, we have said enough to dispose of the case arising out of the paving of Nineteenth street. The initial resolution in the case of Fifth avenue was different. It provided that the avenue should be paved with "asphaltic concrete * * * sheet asphalt * * * bithulithic paving * * * vitrified brick * * * or Portland cement paving." This resolution was probably framed under what seems to have been a misconception of language used in Garner v. Anniston, supra, where we said:

"No doubt the legislative purpose was to permit municipalities to have the benefit at once of such processes [meaning patented processes] and materials [meaning proprietary materials] and. of competition, which an exact specification of some processes or some materials of particular origin or ownership would exclude. At the same time it was intended to give property owners an opportunity to intelligently advise and object. These purposes, which to some extent run counter to each other, are served, as well, perhaps, as such conflicting purposes could be, by the requirement of a description of the general character of the materials to be used, as (to state what we consider apt and adequate illustrations of the statutory purpose) that the proposed improvement is to be constructed of stone, or brick, or asphalt, or wood, or a combination of bituminous products and crushed stone, which makes what is commonly known as bitulithic pavement."

By this language it was not intended—at least the writer did not intend—to indicate that an enumeration of all possible paving materials, or an enumeration including materials of wholly different general character would adequately give effect to the purpose of the statute. The idea, rather, was that

any one of the several alternative materials mentioned by way of illustration would comply with the statute without a statement of every modification, change, or difference that might, in the end, be preferred. However, this question was presented to the court in Sanders v. Troy, 211 Ala. 331, 100 So. 483, and this court then construed Garner v. Anniston as it seems to have been generally construed by municipal authorities in this state, and held an initial resolution, framed in the fashion of that here shown in the case of Fifth avenue, sufficiently described the general character of the materials to be used. The court now prefers to leave the matter in the shape in which it was placed by the decision in Sanders v. Troy.

[3] Many exceptions were reserved on questions of evidence. The Constitution 1901, § 223, provides:

"No city, town, or other municipality shall make any assessment for the cost of sidewalks or street paving, * * * against property abutting on such street or sidewalk so paved, * * * in excess of the increased value of such property by reason of the special benefits derived from such improvements."

From this and so much of section 23 of the Constitution as provides that private property shall not be taken for private use without the consent of the owner, it results that:

"In order to justify a local assessment, the improvement must not only be public in its nature, but must confer an especial and local benefit upon the property which is to be assessed therefor."

Such is the plain effect of the Constitution and such is the generally accepted law of the subject. Cases to that effect are cited in the footnote to section 284 of 1 Page and Jones on Taxation by Assessment. Perhaps no better definition of special benefits can be formulated than the simple one that benefits are special, when they presently increase the value of the land sought to be condemned to a public use. Page and Jones, ubi supra. The trial court failed to conform its rulings to the necessarily implied rule of evidence when it permitted the plaintiff municipality to adduce evidence that several buildings had gone up in the vicinity of defendant's lots since the paving had been done, and that the municipality had opened other streets in that general neighborhood, and that upon such new streets substantial brick buildings had been erected. To allow the considerations thus brought into view would permit an increase of the assessment against appellant's property by reason of the general public benefit, whereas the Constitution limits such assessment to the increased value of the property by reason of the special benefits conferred upon the property by the improvement.

[4] The court also erred in allowing the question to the witness Lollar, made the subject of the fifth assignment of error. It was permissible, on cross-examination, to inquire of the witness as to prices paid for similar lots in the vicinity at voluntary sales, within a reasonable time after the improvement, but the question assigned for error transcended this rule. Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859.

[5] The assessment against appellant's property cannot, of course, exceed the cost of the improvement attingent upon his property. This means the fair and reasonable cost, arrived at in good faith by the municipal authorities. Appellant brought this question into the case by introducing testimony going to show the inferior character of the pavement in front of his property, and appellee was entitled to answer by evidence tending to establish the good and serviceable quality of the pavement.

[6] The court without error excluded testimony of defendant's witness Lollar to the effect that the pavement "looked like it had been planted in cotton last year." The witness had stated the facts upon which to base his opinion, but the derogatory comparison in which he indulged was properly excluded.

[7] Charge 5, requested by appellant, was refused without error because of the use of the term "peculiarly," which had some misleading tendency.

[8] Charge 6 was cast in the language of the opinion in Ex parte Hill (City of Tuscaloosa v. Hill) 194 Ala. 559, 69 So. 598.

For the errors indicated, the judgment in each of the cases must be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.