(118 So. 494)

**CABANISS v. CITY OF HUNTSVILLE. (8 Div. 522.)**

Court of Appeals of Alabama. Oct. 30, 1928.

See, also, 217 Ala. 678, 117 So. 316.

Spragins & Speake, of Huntsville, for appellant.

Lanier & Pride, of Huntsville, for appellee.

BRICKEN, P. J. The appeal here is by a property owner from a judgment of the circuit court, on appeal from proceedings of the city council of Huntsville, Ala., making an assessment against certain property of appellant for street improvements.

Three assignments of error appear of record and are insisted upon to effect a reversal of the judgment appealed from. There appears to us no merit in either of these insistences. The judgment rendered fixed a lien on the property subject to the assessment and ordered that said property be sold for the satisfaction of the judgment lien and costs unless such judgment and costs were paid within 5 days from its date. We do not construe this judgment entry as being a personal judgment, as insisted by appellant; but, if this were true, the judgment of necessity would be here corrected, as provided by the rule announced in Hood v. Bessemer, 213 Ala. 225, 104 So. 325.

The next proposition, in which appellant insists that the ordinance or resolution providing for the paving and the fixing of assessment was an ordinance or resolution of a permanent nature, is fully answered in the case of Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301. No elaboration of this proposition need be indulged. In the Pierce Case, supra, the Supreme Court held such ordinances are not the ordinances or resolutions contemplated by those sections of the Code relating to the passage, approval, and authentication of ordinances and resolutions of a permanent nature, nor intended to be of permanent and general operation.

We are of the opinion that the case of Sanders et al. v. City of Troy, 211 Ala. 331, 100 So. 483, is conclusive of the third proposition insisted upon by appellant. See, also, Stovall v. City of Jasper, 215 Ala. 300, 110 So. 317.

No reversible error appearing, the judgment of the circuit court appealed from is affirmed.

Affirmed.