(130 So. 173)

**HOLLEY v. BRUNSON, Mayor.**

4 Div. 516.

Supreme Court of Alabama.

Oct. 9, 1930.

O. S. Lewis, of Dothan, and E. C. Boswell, of Geneva, for petitioner.

W. O. Mulkey, of Geneva, opposed.

FOSTER, J.

While we are in accord with the opinion of the Court of Appeals, in view of the argument of counsel, we deem it advisable to make some additional observations.

We may add that the principle affirming certiorari as a method of review in this nature of case, as stated in Decatur v. Brock, 170 Ala. 149, 54 So. 209, has been reaffirmed in N., C. & St. L. Rwy. Co. v. Boaz, 213 Ala. 667, 106 So. 192; Albany v. Spragins, 214 Ala. 449, 108 So. 32.

On the merits of the question involved, the opinion of the Court of Appeals relies on the authority of Pierce v. Huntsville, 185 Ala. 490, 64 So. 301. Upon the question of whether the act of a city council in letting a contract was required to be by the same proceedings as ordinances of permanent operation, the court in that case referred to section 1252 of the Code of 1907. But it did not expressly refer to the last clause of this section as it appeared in the Code, to wit: "The council shall award no contract on bids without a yea and nay vote spread upon the minutes," or as amended; for at the time of the rendition of that opinion section 1252 had been amended by the Acts of 1909, at page 205, so as to require contracts on bids to be awarded "by resolution or ordinance as of permanent operation." Such language is now a part of section 1993, Code. While that feature of section 1252 was not specifically referred to in the opinion of Pierce v. Huntsville, supra, we cannot assume that it was overlooked. Indeed, we find in the brief appearing in the report of the case that specific reference was made to the act of 1909, amending section 1252. We take that opinion to be direct to the effect that the requirements of section 1252 (of course as amended) do not apply to such nature of contract as the one under consideration, because such contract and the requirements of its approval are otherwise provided by law, to wit, section 2182, Code 1923, and that, inherently, such resolution is not in its nature one of permanent operation. This is supported by the cases of Montgomery v. Citizens' Co., 142 Ala. 462, 38 So. 1026; Ryan v. Tuscaloosa, 155 Ala. 479, 483, et seq., 46 So. 638, 639. We see no valid impeachment of that reasoning, and it is conclusive here.

Besides, we may add, since that opinion was published, the several sections of the law, as then in existence have been codified and readopted without change in the respect under consideration. This is a well-understood legislative adoption of that meaning as a part of the statutes themselves. We are thereby concluded by that legal status as expressive of the will of the Legislature. Since the adoption of the Code, this court has given further consideration to the general subject in a manner not at all contrary to the views we are now approving. Van Antwerp v. Board of Com'rs, 217 Ala. 201, 115 So. 239, 242. In that case it is said that the effect of the amendment referred to "is to bring resolutions awarding contracts required by law to be upon competitive bids, and so awarded within the definition of a resolution of 'permanent operation' under that section." We have shown that there is no such requirement as to contracts we are now considering. The authority of that case as establishing a rule on the subject was referred to and followed by the Court of Appeals in the case of Cabaniss v. Huntsville, 22 Ala. App. 600, 118 So. 494.

We repeat, therefore, that in our judgment the Court of Appeals correctly concluded that the case of Pierce v. Huntsville, supra, is conclusive of the contention of petitioner, and the petition is denied.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.