165 U.S. 370 (1897)
BURLINGTON GAS LIGHT COMPANY
v.
BURLINGTON, CEDAR RAPIDS AND NORTHERN RAILWAY COMPANY.
No. 178.
Supreme Court of United States.
Argued January 26, 1897.
Decided February 15, 1897.
ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.
*371 Mr. P. Henry Smythe for plaintiff in error.
No appearance for defendant in error.
*372 MR. JUSTICE BREWER delivered the opinion of the court.
The act of 1853 operated to transfer to the city of Burlington the fee to this strip along the river front, together with full control over it, subject only to the laws of the State and individual rights theretofore vested. Indeed, independent of the act it would seem that the United States has no control over the question of the uses to which the strip shall be put. United States v. Illinois Central, 154 U.S. 225.
The use to which this land was reserved was not that of a highway alone, but "other public uses." This does not mean other public uses similar in character. The rule noscitur a sociis does not apply; for under the act of 1836 the reservation is not simply of this strip but of public squares whose use is obviously not of the same character as that of the highway. Indeed, as well said by the Supreme Court of the State, "the fact that the land reserved was two hundred feet wide precludes the idea that it was intended for public travel alone." The further fact that the reservation was of a strip along the Mississippi River  a great navigable waterway  implies that the public uses to which this strip might be put included all public uses which would tend to facilitate commerce on such highway, including therein wharves, storehouses, etc.
Land devoted to the use of a railroad is devoted to public use, and under the settled law of Iowa a common highway may be used by a railroad without further compensation to adjoining landowners. Barney v. Keokuk, 94 U.S. 324, 341, and cases from the Supreme Court of Iowa cited in the opinion.
The public having control over a highway may determine the manner in which it shall be improved, and, as a general rule, such improvement cannot be enjoined by an abutting lot or landowner, whatever may be his right to compensation growing out of the injury which such manner of improvement may bring to his property. This being true of ordinary highways, a fortiori is it true in respect to this property which was not reserved for a highway alone, but for other public uses.
*373 It does not appear that the plaintiff was pecuniarily damaged. The Supreme Court of Iowa said in its opinion that "there is not one word in the evidence showing that the plaintiff would be damaged in any sum of money by the proposed change." Whether there be any damage or not, or whether it be true that the plaintiff, having suffered pecuniary injury, is entitled to compensation therefor, its right, if any, is limited to the matter of compensation, and does not in the absence of constitutional provisions  like those, for instance, found in the constitution of Illinois  entitle it to an injunction to restrain the proposed change.
The use of this strip for railroad purposes being a public use and within the authority granted by the original reservation, the extent of that use is a matter for determination by the public authorities and cannot be restrained by the plaintiff, an adjoining lot owner, whatever may be its rights to compensation for the injury to its lots. We see no error in the decision of the Supreme Court of the State, and it is
Affirmed.
MR. JUSTICE PECKHAM dissented.