# *Ex Parte* **Gudenrath** *in re* **City of Huntsville *v.* Gudenrath.**

## *Street Improvement Assessment.*

(Decided June 17, 1915.   Rehearing denied July 2, 1915.
69 South. 629.)

1. *Municipal Corporations; Street Improvement; Assessment of Benefits.*—Under section 223, Constitution 1901, and under the statutes, an assessment cannot be made against abutting property for street improvement unless the value of the property had been enhanced specially as a result of the improvement, and the ascertainment of that fact is essential to an assessment, and an assessment made necessarily involved the finding that the property had been benefited and not damaged.

2. *Same; Conclusiveness.*—Where the owner of property assessed for street improvement fails to object to the assessment, he is estopped from collaterally attacking it.   (Section 1381, Code 1907.)

3. *Constitutional Law; Assessment Benefits; Street Improvement.*—The provisions of sections 1377, 1378, 1379, 1381 and 1389, Code 1907, when construed together, meet the requirements of due process of law as to an assessment constituting a charge on the property assessed, for due process of law in matters of local assessment does not necessarily mean a judicial proceeding with notice and hearing appropriate thereto, and in case of special assessment and general taxation, notice by publication, reasonably and properly made or given, satisfies the constitutional requirements.

[Ex Parte Gudenrath in re City of Huntsville v. Gudenrath.]

4. *Eminent Domain; Property for Public Use.*—The provisions of sections 1361-2, 1364 and 1381, Code 1907, sufficiently protect an owner against the deprivation of any right, guaranteed by section 235, Constitution 1901, since the legislature has inherent power to prescribe a reasonable estoppel after an owner has an opportunity to contest the proceedings, and an assessment, but fails to do so.

(McClellan and Thomas, JJ., dissent.)

CERTIORARI to Court of Appeals.

The City of Huntsville appealed from a judgment rendered against it at the suit of Otto Gudenrath, and the Court of Appeals reversed and remanded the cause, which is reported as *City of Huntsville v. Goodenrath,* in 13 Ala. App. 579, 68 South. 676. Gudenrath brings certiorari to review and revise the judgment and decision of the Court of Appeals. Writ denied.

S. S. PLEASANTS, for petitioner.

DAVID A. GRAYSON, for respondent.

ANDERSON, C. J.—(1) Under the statute, as well as section 223 of the Constitution, no assessment can be made against the lot of an abutting owner for street improvements, unless the value of the property has been specially enhanced as a result of the improvements. The result is the ascertainment of this fact is essential to the assessment, and if an assessment is made against the property it necessarily involved a finding that the property had been benefited and not damaged.

(2) Regardless of the general doctrine of res judicata as an estoppel, we have in the case at bar a statutory estoppel, which was invoked by the plea of which this petitioner complains. Had this plaintiff expressly consented to the assessment, there could be no question but what he would be bound by same, and could not attack the same in this collateral action for damages. And if the owner had an opportunity to object, and failed

to do so, he would be estopped from making a collateral attack upon the judgment.—Page & Jones on Taxation by Assessments, §§ 927 to 952. Our statute, however (section 1381 of the Code of 1907), makes a failure to object as therein provided a consent to the assessment; that is, gives the failure of the owner to avail himself of the statutory right to appear and file his objections, as there provided, the same effect as an express consent to the assessment. The plea unquestionably sets up a complete statutory estoppel.

(3) The statute (section 1377) prescribes a notice by publication, and section 1379 relates to the contents of the notice. Section 1378 prescribes a time for hearing objections to the assessment, and section 1381 provides for the method of making objections and defenses, and section 1389 gives the right of appeal to the circuit or any court of like jurisdiction. This is due process, and gives the owner the right to defend as against the assessment, and answers every requirement of state and federal Constitutions. It is true that the statute does not provide for personal notice, but this is not essential.— *Decatur v. Brock*, 170 Ala. 149, 54 South. 209; *City of Birmingham v. Wills*, 178 Ala. 198, 59 South. 173, Ann. Cas. 1915B, 746.

"The phrase, 'due process of law,' in matters of taxation and local assessments, *does not necessarily mean a judicial proceeding* with the notice and hearing appropriate thereto. The power to tax belongs exclusively to the legislative branch of the government, and when the law provides the mode of confirming or contesting the charge imposed, with such notice to the person as is appropriate to the case, the assessment cannot be said to deprive the owner of his property without due process of law. Hence, in the case of property taxes

[Ex Parte Gudenrath in re City of Huntsville v. Gudenrath.]

imposed at regularly recurring periods for general, state, or municipal purposes, a statute fixing a definite body before whom and a time when complaints may be made, and a hearing had thereon, gives all the notice that is required by due process of law. And in the case of both general taxes and special assessments *notice by publication, reasonably and properly given,* satisfies the constitutional requirement."—Dillon on Municipal Corporations, vol 4, § 2365, and many cases cited under note 1.

As to whether or not notice is essential, when a personal judgment is provided or rendered, is a question with which we are not now concerned, as the statute in question does not authorize a personal judgment. Outside of the question, however, of personal liability, personal service is unnecessary, and a reasonable notice given by publication is sufficient.—*Wight v. Davidson,* 181 U. S. 371, 21 Sup. Ct. 616, 45 L. Ed. 900.

(4) Nor is the statute in question repugnant to section 235 of the Constitution, as the owner is not deprived of any right guaranteed thereunder. Section 1361 requires an ordinance describing the work, setting forth plans, specifications, etc. Section 1362 provides for the publication of the ordinance, and section 1364 provides for objections by the owner. The owner, therefore, has the right to object to the work, and if he is overruled in this he can enjoin the work, in case it is to injure his property, until his damages are ascertained and the same is paid. If he does not pursue this course, but suffers the work to be done without protest, he still has an opportunity, under section 1381, to appear and object to the assessment, with the right of appeal, and if it is ascertained that his property has not been specially benefited, but was damaged, he can bring an action at

law for same. But the Legislature has the inherent power to prescribe a reasonable estoppel after he has had an opportunity to contest the proceedings and assessment, but fails to do so. While constitutional rights should be strictly guarded by the courts, yet every reasonable intendment must be resolved in favor of legislative enactments, and acts passed by the Legislature should not be stricken unless they clearly and plainly invade the Constitution.

The writ of certiorari is denied, and the judgment of the Court of Appeals is affirmed.

Writ of certiorari denied.

MAYFIELD, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

McCLELLAN, J.— (Dissenting.)—At this time I can only indicate in a summary manner the ground of my disagreement in this matter. My judgment is that the prevailing opinion, by according to statutes an unsound construction and effect, must logically operate and will operate to wrongfully deprive property owners of the rights and protection assured by section 235 of the Constitution of Alabama. The basic controlling question in this matter can, in my opinion, only be decided by a coincident consideration of the two sections of the Constitution, viz., 223 and 235, and not by attaching a major influence and effect to statutes. In short, the primary inquiry is of a constitutional nature only; the pertinent statutes to be accorded an operation and effect consistent, rather than inconsistent, with the organic law. In my opinion the words "cost of sidewalks and street paving," in section 223, cannot be soundly construed to include, as an element of the assessment, damages for which a property owner might have or has

had compensation under section 235 of the Constitu-
tion; nor do I believe that an assessment can, in view
of section 235, be validly made to include money paid
by, or liable to be recovered from the municipality for
damages resulting from the taking, injury, or destruc-
tion of property in the "construction or enlargement"
of "works, highways, or improvements," effected by a
municipality. Like considerations forbid a setting off
of damages under section 235 against "special benefits"
under section 223, or vice versa. Section 223 certain-
ly was not intended to annul section 235, in consequence
of the mere fact that statutes undertake to widen sec-
tion 223 by expanding the basis of an assessment to in-
clude the effect of physical operations that may be dam-
nifying to property owners under section 235. If, as it
appears to me, the "cost of sidewalks and street paving"
limited to that sum the instrument or means of special
benefit to property "abutting on such street or sidewalks
so paved," surely no statute could validly introduce a
system whereby the damage to property, under section
235, would be concluded thereby, with the result to at-
tend of extinguishing the great right assured by sec-
tion 235. Under that section (235), the Constitution
assures the property owner of his right to enter the
courts for the protection or vindication thereof—an op-
portunity to be heard on that issue. If Code, § 1381,
is construed or applied to section 235 of the Constitu-
tion, a result from my view would be that the statute is
thereby construed so as to render it void; for section
223 limits the basis of the assessment to the cost of
the sidewalk or street paving as that is reflected, and
in the proportion it is reflected, in special pecuniary
benefit to the abutting lot.

While rulings in other states, where there are no con-
stitutional provisions to consider, may be interesting

and instructive, care should be taken, in considering them, not to ignore the fact that in this state our Constitution must be accorded a dominant effect. *Goodrich v. Omaha*, 10 Neb. 98, 4 N. W. 426, may be read with profit on the question here involved. It at least moots, if it does not indicate decision of, an important phase of the constitutional question here in mind.

My opinion is that this property owner's assertion of rights under section 235 was not, and could not be, concluded by Code, § 1381. It seems to me the majority opinion (ante) has confused the scope and effect in actions in rem and in actions in personam.

Justice THOMAS concurs in this statement of dissent.