(104 So. 325)

### HOOD v. CITY OF BESSEMER.
### (6 Div. 364.)

(Supreme Court of Alabama. March 19, 1925. Rehearing Denied May 28, 1925.)

**1. Municipal corporations ⬦511(2)—City held properly allowed to file additional transcript of improvement proceedings.**

Where, on appeal to circuit court, to review local improvement assessment proceedings, city filed a partial transcript of proceedings before city council, *held* that, under Code 1923, § 2207, city was properly allowed to later file a duly certified transcript covering all the proceedings.

**2. Municipal corporations ⬦511(2)—Court held to have jurisdiction to hear objections to local improvement assessment.**

Where transcript on appeal by property owner from local improvement assessment proceedings did not show that property owner filed any objections or defenses to assessment in writing on hearing given for that purpose, but merely appeared by his counsel and made certain objections, but bill of exceptions shows that he offered a paper showing objections filed to assessment before it was made final, *held* that there was no estoppel under Code 1923, § 2196, but circuit court, under section 2209, had jurisdiction to hear all objections.

**3. Municipal corporations ⬦484(1)—Record of local improvement assessment proceedings need not affirmatively recite specifications were open to inspection in office of city engineer.**

Where record of local improvement assessment proceedings showed official action taken by governing body in compliance with Code 1923, §§ 2176, 2179, 2181, 2190–2193, 2197, 2199, it need not affirmatively recite that plans and specifications were made and open to inspection in office of city engineer, as passage of final resolution implies finding that such duty was performed as directed in original ordinance.

**4. Municipal corporations ⬦278(3)—Establishment of grades not required before passage of initial improvement ordinance.**

Establishment of grades of sidewalks is not required before passage of initial ordinance but only before final resolution ordering street improvement, so that property owners may be heard thereon at that time.

**5. Municipal corporations ⬦511(2)—Transcript of local improvement assessment proceedings held to show valid assessment.**

Transcript of local improvement assessment proceedings *held* sufficient to show a valid assessment, and, under Code 1903, § 2208, became prima facie evidence of correctness and amount of assessment.

**6. Municipal corporations ⬦407(1)—Power to assess cost of improvement against property benefited subject to constitutional requirements.**

Legislative power to authorize municipalities to assess cost of improvements against property benefited thereby is a taxing power, subject to limitation, under Const. 1901, § 223, that it shall not be in excess of cost, nor of increased value of property by reason of special benefits, and that due process of law shall be provided owner in protection of such right.

**7. Municipal corporations ⬦446—Change of grade or curb line in constructing improvement in good faith will not avoid all charge or lien against property.**

Matters arising in construction of local improvement in good faith, such as change of grade or curb line, or use of defective material or workmanship, will not, in view of Code 1923, §§ 2191, 2195, 2210, 2222, avoid all charge or lien against property, though evidence of such matters is properly admitted as going to amount of assessment, and may in that way defeat all claim on property, and, in case of arbitrary or fraudulent action, construction may be enjoined.

**8. Municipal corporations ⬦446—Changing of curb line resulting in raising of fill for sidewalk held not to defeat assessment in toto nor right to include fair cost of fill.**

Where, in construction of local improvement, curb line was changed, widening space between property line and curb, resulting in raising of fill on which sidewalk was laid, without formal action of board, but made by engineer with approval of mayor and council, *held* that it did not defeat assessment in toto, nor right to include fair cost of fill for sidewalk because of provision in contract that all grading should be figured on yardage basis for excavation.

**9. Municipal corporations ⬦511(2)—Evidence as to value of property before and after improvement admissible.**

On appeal from local improvement assessment proceeding, evidence as to value of property immediately before and after improvement was properly admitted, as it tended to show value of special benefits by reason of improvements.

**10. Municipal corporations ⬦446—Omission of entrance walk will not defeat lien for completed units.**

The omission of entrance walk from curb line to property line will not defeat lien for units fully completed.

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Municipal corporations ⬤⟞511(2)—No personal judgment can be rendered against property owner appealing from assessment or his sureties.**

A judgment rendered on appeal in circuit court by property owner from local improvement assessment proceedings is in rem, and lien is properly declared and enforced by order of sale, and judgment goes against property owner and sureties for cost, but no personal judgment can be rendered against owner or his sureties for amount of assessment as fixed in circuit court.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Proceeding by the City of Bessemer to fix an assessment against the property of Robert Hood for sidewalks, etc. From the judgment, defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Corrected and affirmed.

McEniry & McEniry and J. A. Estes, all of Bessemer, for appellant.

Failure to publish the ordinance renders it void. Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746; Garner v. Anniston, 178 Ala. 430, 59 So. 654. Failure to establish grade by ordinance until after ordinance providing for improvement, to publish the manner and time of receiving bids, to publish assessment rolls, and to build on grade established, renders the assessment void. Authorities supra. Birmingham v. Coffman, 173 Ala. 213, 55 So. 500; Code 1907, §§ 1366, 1367, 1377. A's to assessing cost of improvements, Code 1907, §§ 1370, 1395; Albany v. Spragins, 208 Ala. 122, 93 So. 803. An assessment of the cost before completion is invalid. Pierce v. Huntsville, 185 Ala. 490, 64 So. 301; Code 1907, § 1370.

Bumgardner & Wilson, of Bessemer, for appellee.

The only objection that may be considered was the verbal objection made before the city council. Defendant was estopped from raising any others. Code 1907, § 1381; Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

BOULDIN, J. This appeal is to review the judgment of the circuit court on appeal from the proceedings of the city of Bessemer making a local assessment upon the property of appellant for improvements—a sidewalk, gutter, and lateral sewer. Code 1923, § 2174 et seq.

[1] In the circuit court the city filed a partial transcript of the proceedings before the city council, and later filed a fuller transcript covering all the proceedings. There was no error in allowing the latter transcript, duly certified, to be filed. Code, § 2207 (1392).

[2] This transcript does not show any objections or defenses to the assessment filed in writing by the property owner upon the hearing given for that purpose, but merely that his counsel appeared and made certain objections. Code, § 2196 (1381). The bill of exceptions, however, shows the defendant "offered the following paper, showing the objections filed to the assessment before same was made final by the city of Bessemer, and after same had been shown to have been filed with J. M. Scott, city clerk, before the assessment was made final." Then follow 48 grounds of objections, raising the questions here presented. No objection was made to this method of proof, if indeed it was subject to objection. The case presented no estoppel under section 2196 (1381), as here assumed by appellee. The circuit court had jurisdiction to "hear all objections of the property owner * * *' to said assessment and the amount thereof." Section 2209 (1394); Garner v. City of Anniston, 178 Ala. 430, 59 So. 654; City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405; Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870.

[3] The transcript discloses the passage and publication in due form of the original improvement ordinance (section 2176 [1361]), a sitting to hear objections on the day named, and the passage of the final resolution (section 2179), the passage of an ordinance fixing the grades of sidewalks on the same day and before the passage of such resolution (section 2181), the construction of the work under contract, the making of an assessment roll (sections 2190 [1375], 2191 [1376]), notice of hearing of objections or defenses by property owners to proposed assessments, a hearing thereon (sections 2192, 2193, 2197), and a resolution, reciting the various proceedings, and making the assessments final (section 2199 [1384]). The record of proceedings shows the official action taken by the governing body, and need not affirmatively recite that plans and specifications were made and open to inspection in the office of the city engineer. The passage of the final resolution implies a finding that this executive duty was performed as directed in the original ordinance.

[4, 5] The establishment of grades is not required before passage of the "initial" ordinance, as assumed by appellant in several assignments of error, but before the final resolution ordering the improvement, so that property owners may be heard thereon at that time. The transcript was sufficient to show a valid assessment, and became prima facie evidence of the "correctness" and "amount" of the assessment. Section 2208 (1393).

Appellant assails the assessment as wholly void upon many grounds arising from the manner of constructing the improvements. Typical of these is that the sidewalk abut-

---

ting appellant's property was not laid on the established grade. It appears from certain testimony that the curb line was changed and located further into the street, thus widening the space between the property line and the curb. Owing to the slope of the ground, this led to raising the fill on which the sidewalk was laid to provide surface drainage from the sidewalk toward the curb. No formal action of the board authorized this change, but it was made by the engineer with approval of the mayor, and approved by the council in accepting the work and ordering the assessment over appellant's objection. The effect of this upon the right of the council to make any assessment against the abutting property has not been before this court so far as we find.

[6] The legislative power to authorize municipalities to assess the cost of improvements against the property benefited thereby is a taxing power, and subject to only two limitations, viz.: It shall not be in excess of the cost, nor "of the increased value of such property by reason of the special benefits derived from the improvements" (Const. 1901, § 223), and "due process of law" shall be provided the owner in the protection of such right. The powers conferred upon municipalities in the premises are legislative, executive, and judicial. Vesting these powers in the same body of magistracy contributes to the difficulty which this court has often encountered in construing these statutes.

Broadly speaking, the governmental act of deciding upon what improvements will be made, how made and paid for, and enacting ordinances and resolutions to that end, is the exercise of legislative power. The council is given a discretion within defined limits. Letting contracts and supervising construction pursuant to the legislative orders is executive or administrative in character. The proceedings to assess property with the cost are judicial. Speaking broadly again, it may be said the initiative legislative action is prerequisite to, and forms the basis of, later judicial action. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746. Taken as a whole, our statutes contemplate that, when so determined by the governing body, such improvements shall be a charge on the property benefited thereby. This is a matter of public as well as private concern.

[7] The law does not contemplate that one property owner shall have an increment upon his property free, while others pay for their own, and, as taxpayers, pay for his also. With this in view, numerous provisions are inserted declaring the assessment shall not be defeated by errors and irregularities. Thus no mistake or error in the name of the owner on the assessment roll shall invalidate the assessment (section 2191 [1376]); no mistake in name or in description of the property in notice of sale shall affect the lien (section 2222 [1407]). If, on appeal, it appears the assessment was not "properly" made, by reason of "any technical irregularity or defect," the court shall nevertheless, upon proof that expense has been incurred which is a "proper charge" against the land, render a judgment for the "amount" so chargeable. Section 2210 (1395). In case of "defect" in the "notice or proceedings," it shall not affect others, and "supplemental proceedings may be had to supply such defect." Section 2195 (1380). The conclusive estoppel by failure to file objection in writing evinces the same general purpose. It should be noted that these several sections relate to defects in the proceedings of record. When any of them is so fundamentally defective as to require abatement back to that point, it seems the purpose of section 2210 that the court on appeal shall ascertain the amount properly chargeable, that is, lawfully chargeable by regular proceedings—the total cost or such portion thereof as contemplated in the proceedings, not exceeding the increase in value by reason of the special benefits. Garner v. City of Anniston, 178 Ala. 430, 59 So. 654. We think matters arising in the execution of the work in good faith, such as change of grade or curb line, or use of defective material or workmanship, have not the effect of avoiding all charge or lien against the property. Evidence of such matters is properly admitted as going to the amount of the assessment, and may, in that way, defeat all claim on the property. In case of arbitrary or fraudulent action, working injury to the property—appropriating it to public use without just compensation—the construction may properly be enjoined. City of Albany v. Spragins, 208 Ala. 127, 93 So. 803; Ex parte Gudenrath, 194 Ala. 568, 69 So. 629.

[8] The assessment is not defeated in toto, nor the right to include the fair cost of the fill for the sidewalk, because of a provision in the contract that all grading should be figured on a yardage basis for excavation. Cutting and filling with the same material under the superintendence of an engineer may be more readily adjusted with the contractor on measurement of excavations, and this does not prevent a reasonable apportionment of the costs of moving the material and constructing the fill.

In City of Albany v. Spragins, 208 Ala. 127, 93 So. 803, the construction was enjoined because the expense of heavy grading was laid on owners of remote property where no grading was done. The theory of the bill was irreparable injury, in that a lien would result upon property of complainants for the cost of improvements on other property. Evidence that the assessment for sewers was made on a frontage basis, rather than on area drained, was properly admitted as going to the correctness of the assessment in amount, but would not avoid the entire assessment.

[9] One main purpose of the appeal is to settle the true amount with which the property should be charged. There was no error in admitting evidence of the value of the property immediately before and after the improvements. This is evidence tending to show the value of the special benefits by reason of the improvements, to be weighed with any evidence of other matters contributing to the increase in value. The case of City of Tuscaloosa v. Hill, 194 Ala. 559, 69 So. 598, was dealing with an instruction to the jury not limiting the assessment to "special benefits." Evidence of the character offered was approved in City of Huntsville v. Pulley, 187 Ala. 367, 374, 65 So. 405.

[10] The omission of the entrance walk from the curb line to the property line, as originally contemplated, would not defeat the lien for units fully completed. The assessment is premature while the work is in progress (Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301), but when the contract is closed and work accepted, the fact that, for reasons approved by the governing body, some unit of construction was omitted, does not avoid the assessment. It should be kept in mind that the work is under a government agency, acting throughout. No contractual relation with the property owner exists. The hands of the public authorities should not be tied so as to force a literal carrying out of all details as first contemplated.

[11] The judgment rendered on appeal in the circuit court is in rem; a lien is properly declared and enforced by order of sale; and a judgment goes against the defendant and the sureties for costs; but no personal judgment can be rendered against the owner or his sureties for the amount of the assessment as fixed in the circuit court. Payne v. Spragins, 207 Ala. 264, 92 So. 466.

In this respect the court erred, and the judgment will be here corrected. We find no reversible error.

Corrected and affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.