(135 So. 336)

GOODMAN et al. v. CITY OF BIRMINGHAM.

6 Div. 784.

Supreme Court of Alabama.

June 11, 1931.

Jas. C. Roberts, of Florence, for appellees.

W. A. Jacobs, of Birmingham, for appellants.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellee.

BOULDIN, J.

The suit is against a municipality to recover consequential damages resulting to an abutting property owner by reason of street improvements. Such cause of action is declared by section 235 of the Constitution of Alabama. Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83; Birmingham v. Evans, 221 Ala. 381, 129 So. 50.

Under plea in short by consent the city set up the proceedings for the assessment of the cost of such improvements against abutting property as res adjudicata of the issue here presented. These proceedings, conducted as per statute, resulted in an assessment of this lot, the residence lot of the plaintiffs, for special benefits derived from such improvement in the sum of $32.42.

In making such assessment, the city commission acts judicially. The question of special benefits to abutting property involves a consideration of consequential damages of this character, and an adjudication that some amount is assessable against the abutting property, and the assessment made final, such judgment, standing unvacated or reversed, is res adjudicata and a bar to an action for consequential damages. Ex parte Gudenrath, 194 Ala. 568, 69 So. 629; Town of Tarrant City v. Pope, 221 Ala. 662, 130 So. 390.

Some controversy is presented as to the validity of the assessment by reason of objections filed on the day set for hearing. On this point it is sufficient to say such objections under Code, § 2196, as amended by Acts 1927, p. 765, § 25, may be filed "at any time on or before the date named," or "at said meeting" had pursuant to published notice under Code, §§ 2192, 2193, and 2194, as amended by Acts 1927, p. 764, §§ 21–23. Under this statute, objections filed with the clerk on the afternoon of the day set for hearing, but after the hour set for hearing, and after the city commission has made its order confirming the assessment, and adjourned, come too late. However, the commission had power to reopen the matter and hear objections so filed. There was parol evidence received without objection tending to show that at a later date the city commission did consider the matter and made an order vacating this assessment.

With this evidence in, the affirmative charge was improperly given for defendant on the theory of res adjudicata or estoppel.

It appears that prior to this improvement, plaintiffs' residence lot abutted upon Talladega street. The lot is triangular, the north and south boundaries converging at the east end to a frontage of 21.7 feet on Talladega street. The street terminated at the south boundary line of this lot extended.

By the improvement in question the direction of the street was changed. Beginning at a point about 100 feet north of the terminus of Talladega street, it was curved eastward and made to pass in front of plaintiffs' property some 60 feet east of the property line. Assuming the fee in the lot extended to the middle

of old Talladega street, the new street, Avenue T, is some 30 feet distant at its nearest point. The improvements include curb, gutter, and sidewalk along Avenue T. Vehicular travel over Talladega street to the front of plaintiffs' property is thus cut off.

Plaintiffs' lot does not abut on the improved portion of the street.

■ Local assessments for street improvements are limited to property abutting on the street improved. The system looks to a specific charge on specific property, each lot or parcel "abutting" on such street. Constitution, § 223; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; Hood v. Bessemer, 213 Ala. 225, 104 So. 325; Board of Com'rs of City of Mobile v. Moore, 214 Ala. 525, 108 So. 568; Selma v. Hobbs, 207 Ala. 420, 92 So. 900; Albany v. Spragins, 208 Ala. 122, 93 So. 803; Decatur Land Co. v. New Decatur, 198 Ala. 293, 73 So. 509; 44 C. J. 547.

It does not appear, however, that Talladega street in front of plaintiffs' property has been vacated. The theory of the complaint is that it is still a street whose use is obstructed by the improvements to plaintiffs' injury.

While the obstructing curb outlining the new improved street cuts off access by vehicle to plaintiffs' property line, the old street remains with a sidewalk running to plaintiffs' northeast corner; and free and uninterrupted access over the old street to the paved street remains open.

■■ The constructive notice by publication is directed to owners of abutting property, owners chargeable with notice that their property may be included in the assessment roll. It is no notice to those whose property is not within the jurisdiction of the commission for assessment purposes. It seems the statutory estoppel for failure to appear and make objection could not apply to them.

■ But where the change made in effect widens the street, leaving free access to the paved street, it is considered abutting property within the meaning of assessment statutes. 44 C. J. p. 547.

■ Under the evidence the original assessment proceedings were not void as a matter of law because the property assessed was not abutting property.

The judgment is reversed, and cause remanded for the error pointed out above.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.