145 So. 827

### CITY OF JASPER et al. v. SANDERS.
### 6 Div. 238.

Supreme Court of Alabama.
Jan. 26, 1933.

---

[1] Post, p. 96.

Davis & Curtis and Chas. R. Wiggins, all of Jasper, for appellants.

D. A. McGregor, of Jasper, for appellee.

THOMAS, J.

The appeal by the city is from a decree overruling a demurrer to the bill, a direct attack on an assessment for municipal paving done, and in rendering a decree for the complainant.

A phase of this case was before the court in Jasper Land Co. v. City of Jasper, 220 Ala. 639, 641, 127 So. 210. The holding was that due process of law must be observed in proceedings by municipalities for improvements and the local assessments therefor, fixing liens on adjacent lands; that the recitals of the final judgment of the city authorities, as that the assessment rolls were on file in the proper office for the required time, are prima facie evidence that such was the fact; and, on direct attack, alleging that such fact did not exist, the existence vel non of such necessary and jurisdictional fact becomes the subject of proof, no rights of third persons having intervened. Wise v. Miller 215 Ala. 660, 111 So. 913; City of Hartselle v. Culver, 216 Ala. 668, 671, 114 So. 58; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; Grant v. City of Birmingham, 210 Ala. 239, 97 So. 731; Stovall v. City of Jasper, 218 Ala. 282, 287, 118 So. 467; Brintle y. Wood, 223 Ala. 472, 136 So. 803; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448; Id., 223 Ala. 216, 135 So. 326; 34 C. J. page 550, note 35; 1 Black's Judgments, § 288.

The statutory requirements are set forth in section 2176 of the Code, requiring an ordinance or resolution describing the improvement desired, and ordering the drawing of plans, specifications, etc. (Stovall v. City of

Jasper, 215 Ala. 300, 110 So. 317; Hood v. City of Bessemer, supra), and section 2177 of the Code, requiring the plans, specifications, etc., when completed, to be duly filed for examination by the parties in interest, and time is given to await a due remonstrance or objection by parties having the right to object (Stovall y. City of Jasper, 218 Ala. 282, 118 So. 467). It is provided by section 2178 of the Code that notice by publication of the ordinance for improvements to be made must be published once a week for two consecutive weeks, etc. Schwend v. City of Birmingham, 215 Ala. 491, 111 So. 205; Stovall v. City of Jasper, 218 Ala. 282, 283, 118 So. 467. Section 2179 of the Code deals with the hearing of objection or protest against said improvement, materials to be used, or selection to be made, and the result as to confirmation, amendment, modification, or rescission of the "original ordinance or resolution." City of Albany v. Spragins, 208 Ala. 122, 93 So. 803; Sanders v. City of Troy, 211 Ala. 331, 100 So. 483; Garner v. City of Anniston, 178 Ala. 430, 59 So. 654; Hood v. City of Bessemer, 213 Ala. 225, 104 So. 325; Stovall v. City of Jasper, 218 Ala. 283, 118 So. 467; City of Mobile v. Smith, 223 Ala. 480, 482, 136 So. 851. Section 2181 of the Code deals with the fixing of the grade lines before the passage of the final resolution or ordinance (City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746); and section 2182 provides for the final notice to be given by advertisement for bids (Holley v. Brunson, Mayor, 221 Ala. 572, 130 So. 173, Frasch v. City of Prichard, 224 Ala. 410, 140 So. 394). It is further required by section 2190 of the Code that, when the improvement made is completed, the mayor or other chief executive officer shall require the roll or list of owners, lots, or parcels of property to be assessed against to be prepared, showing the names of the property owners, "and opposite each name a description of each lot or parcel of land proposed to be assessed for such improvement, belonging to such owner or owners, and the amount proposed to be assessed against each lot or parcel of land." Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226; Cabaniss v. City of Huntsville, 217 Ala. 678, 117 So. 316; Hood v. City of Bessemer, supra; City of Selma v. Hobbs, 207 Ala. 420, 92 So. 900. And, under the provisions of section 2191, the "assessment book for local improvement" is required to be prepared and kept as a public record. Act of 1927 (Acts 1927, p. 764); Jasper Land Co. v. City of Jasper, supra; Jones v. Lacey, 220 Ala. 390, 125 So. 635; City of Mobile v. Smith, 223 Ala. 480, 482, 136 So. 851. Code, § 2194, deals with the contents and sufficiency of the notice or publication of the assessment (Ex parte Gudenrath [In re City of Huntsville v. Gudenrath], 194 Ala. 568, 69 So. 629; Peoples v. State Security Bank, supra; Goodman v. City of Birmingham, 223 Ala. 199, 135 So. 336; City of Mobile v. Smith, 223 Ala. 480, 136 So. 851); and Code, § 2199, declares that the fixing of the amount of the assessment made against the respective lots or parcels of land, constitutes a lien on each lot or tract of land described and included in the assessment roll (Cabaniss v. City of Huntsville, 217 Ala. 679, 117 So. 316; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; Hamrick v. Town of Albertville, 219 Ala. 466, 122 So. 448; Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14; Bellenger v. Moragne, 225 Ala. 227, 142 So. 657).

The statutory powers conferred on municipalities are discussed in Hood v. City of Bessemer, 213 Ala. 225, 227, 104 So. 325, and the mandatory and material requirements are indicated and separated from mere technical errors; and the fundamental requirements are stated in the recent decisions. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210, and authorities; City of Hartselle v. Culver, 216 Ala. 668, 114 So. 58; Stovall v. City of Jasper, 218 Ala. 282, 287, 118 So. 467; Peoples v. State Security Bank, 218 Ala. 534, 119 So. 226; Hamrick v. Town of Albertville, 219 Ala. 465, 471, 122 So. 448; Id., 223 Ala. 216, 135 So. 326; Goodman v. City of Birmingham, 223 Ala. 199, 135 So. 336; Garner v. City of Anniston, 178 Ala. 430, 59 So. 654; City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746.

The bill before us, which is similar to that construed in Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210, 211, alleges that the assessment was void, among other things, for the reason (1) that the assessment roll required by law was not made up and filed with the clerk as required by statute and prior to the date the assessments were made final against the respective owners and their parcels of land to be affected; (2) that complainant had no notice or knowledge of the assessments as made at the time of the making thereof; and (3) that there was no evidence before the city council that any special benefits had accrued to his property by reason of the alleged improvements made, and that the assessments against the lands bore no relation to such special benefits, but were levied on a yardage basis as indicated by the engineer.

It was declared in Jasper Land Co. v. City of Jasper, supra, that the required assessment roll made, filed, and open to inspection for the purpose of giving the parties in interest an opportunity to prepare proper objections for the hearing, is a part of the no-

tice itself; that "the published notice gives no advice as to the amount of the assessment, the description of the property, etc., but refers the owner to the source of information prescribed by statute," and to which that owner was entitled; that, "if the data referred to as a basis of notice" did not exist in fact, though recited, and if such assessments were not delivered so as to become available until March 7, 1927, the day of the final hearing and assessment, there was a failure of due notice, and the assessment · without due notice is made void for want of jurisdiction to the end in question. Day v. City of Montgomery, 207 Ala. 644, 93 So. 609; Id., 209 Ala. 609, 96 So. 894; Jasper Land Co. v. City of Jasper, 220 Ala. 641, 127 So. 210; Hamrick v. Town of Albertville, 219 Ala. 465, 474, 122 So. 448.

Application was duly made to the city council to reopen or vacate such assessment so made without authority of law and on stated grounds of lack of jurisdiction; and there was an effort on the part of the city council to do this, but on order of the court on mandamus was required to vacate same, though the city had reassessed the properties to be affected after jurisdictional facts had been supplied or obtained. Goodman v. City of Birmingham, 223 Ala. 199, 135 So. 336; section 2174, Code; section 223, Const. 1901; Stovall v. City of Jasper, supra.

■ The fact that application was made to the city council for vacation and reassessment differentiated the case of Jasper Land Co. v. City of Jasper, supra, from that of Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14, 16. In the latter case it was declared that equity will remove a cloud on a title arising from a void assessment, where the invalidity does not appear on the face of the proceedings. It was further observed in the Penton Case, that "It is well settled that courts of equity have jurisdiction and will intervene, at the insistence of the owner of real estate, to remove a cloud on his title arising from a void assessment for taxes or public improvement schemes, where the invalidity does not appear on the face of the proceedings, and extraneous evidence is required to develop the invalidity. 4 Dil. Municipal Corp. (5th Ed.) § 1590; 1 Pom. Eq. Juris. §§ 259–270; High on Inj. §§ 367, 368; Heywood v. Buffalo, 14 N. Y. 534; Ewing v. St. Louis, 5 Wall. 413, 18 L. Ed. 657." Penton v. Brown-Crummer Inv. Co., 222 Ala. 159, 131 So. 14; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; Jones v. Lacey, 220 Ala. 390, 125 So. 635, and authorities; note 78 A. L. R. pages 186, 224. Such is the case made by complainant's bill.

■ The sworn answer of the city, filed in the mandamus case a short while after the making of the alleged assessment, and that of the reopening and reassessment of the properties abutting that improvement, and made a part of the evidence in this case, admitted the assessment was made without the roll or list of property owners showing the amount of the proposed assessment against each person and against each parcel of property; but was not made up and filed with the proper officer of the city of Jasper as required by law, "the same being filed with the clerk of the City of Jasper on to-wit, March 7th, 1927," and that the assessment exhibited as A does not show the amount of the assessment made against each property owner and parcel of land according to the records in the office of the city clerk of Jasper, Ala., "but that said assessment was voted by the city council of Jasper, Alabama, purely on the recommendation of the city engineer and without proper investigation by said council, and without the assessment roll having been filed with the city clerk prior to March 7th, 1927," the date on which the judgment of final assessment was sought to be made.

It was further admitted in section 7 of the answer filed in the mandamus proceeding under oath, in the absence of material and jurisdictional facts:

"That the report of the engineer as to the manner of making said first assessment, which has been set aside, showed that all the property as described in the Improvement Ordinance 'S' was charged on a front foot basis, which report was accepted and said assessment was made according to said front foot basis on the whole length of the project as included in said Improvement Ordinance; that the work or improvement work in fact did not include a part of the project as therein outlined; that for a distance of 550 feet from the North end of said project running South along said Third Avenue there was in fact no work or improvement of any kind done; that the work on this project actually began about 550 feet South of the North end of the project as outlined in the Ordinance; but that when the assessment was made by the officials of the City of Jasper on March 7th, 1927, relying on the report of its engineers and without investigating and checking the same, the said officials charged up the amount as shown by the report against this property when no work was done on an equal basis with that where the work was done; and that the officials of the city had no right to so charge said property on the named project where the same was not included within the limits of the project where the work was actually done.

"That when the first assessment was made no maps or other documents as required by law were on file in the office of the clerk of the City of Jasper, Alabama, or its engineer, and said assessment was inadvertently and improperly made, and was void."

It is undisputed that complainant was not a party to the mandamus proceeding. There is sharp conflict in the evidence as to the disputed facts; as to the agreement of the interested parties that the lands should be improved at the expense of interested property owners on that way; as to the fact that there was no assessment roll made up and filed when notice was given; as to whether the complainant had due and legal notice; and as to the fact that the assessments made and apportioned were according to the special benefits that accrued to the property so improved and by reason of said improvements. This sworn pleading was competent evidence. Richardson v. State, 204 Ala. 124, 85 So. 789; Birmingham Electric Co. v. Wood, 222 Ala. 103, 130 So. 786; Henry v. White, 224 Ala. 427, 140 So. 391; George D. Witt Shoe Co. v. Mills, 224 Ala. 500, 140 So. 578.

It is sufficient to say the evidence has been examined, and we hold that complainant had no due and legal notice by reason of the delayed and improvident filing of the assessment roll or list, required by statute as a necessary condition entering into due notice, until the date on which the assessments were sought to be made final, March 7, 1927, and that the apportioned assessments were made against this and other properties according to the lineal and abutting footage, and not by reason of the special benefits that accrued to the specific abutting lot or parcel of land by reason of and derived from the said improvements. Ex parte Hill (In re City of Tuscaloosa v. Hill), 194 Ala. 559, 69 So. 598; Stovall v. City of Jasper, 218 Ala. 282, 286, 118 So. 467; Hamrick v. Town of Albertville, 219 Ala. 465, 471, 122 So. 448. The lack of jurisdictional facts did not appear on the face of the municipal records, was duly challenged by direct attack, and shown by the evidence or the preponderance of the evidence.

In view of the admissions in the answer to mandamus of the absence and non-existence of jurisdictional facts not disclosed on the face of the municipal records of assessments, as we have indicated, the evidence of Mr. Britton, the engineer, to the effect that items of expense carried into the assessments against the lands and owners, as charges of fees or interest, that did not accrue or that were not so chargeable, and not severable and eliminable, are established on direct attack, relieved the rule of prima facie evidence, and generally declared to be inherent in the assessment made. Stovall v. City of Jasper, 218 Ala. 287, 118 So. 467.

This case is to be differentiated from Brock v. City of Decatur, 185 Ala. 146, 64 So. 73, a collateral attack on the assessment made as special benefits and averred to be "grossly and greatly in excess of any and all benefits accruing to said property by reason of said improvement" (City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746), where, after due notice and a hearing, jurisdictional facts are shown to have existed.

In City of Huntsville v. Pulley, 187 Ala. 367, 65 So. 405, there was an appeal from the judgment of the city council to the circuit court, and the final judgment was for defendant on the ground that the improvement had not enhanced the value of the defendant's property; so also is this case different from the attack made in Penton v. Brown-Crummer Investment Co., 222 Ala. 155, 131 So. 14, where the defense of invalidity of municipal action for the lack of a quorum, and not notice, was sought to be made in reply to an action by a bondholder for municipal street improvements, who sought to enforce his lien against abutting property on the street so improved, assessed, and securing such bond. In the instant case and that of Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210, the question was that of jurisdiction, notice, and due process. We adhere to the view well expressed in the Jasper Land Company Case, supra. City of Mobile v. Smith, 223 Ala. 480, 136 So. 851, was a case of consent or estoppel.

The effect of a decree in a proceeding to quiet title under the statute is stated in Grayson v. Muckleroy, 220 Ala. 182, 185, 124 So. 217, 219; as follows:

"This brings us to consider the scope and effect of a decree in a proceeding to quiet title under our statute. Code 1923, § 9905. In Adler et al. v. Sullivan, 115 Ala. 583, 22 So. 87, a bill to quiet title under the statute, it was observed that 'the final decree shall settle the rights of the parties in the lands which shall be binding and conclusive upon them. Section 5. "The purpose of the statute (as we said in Cheney, Trustee, v. Nathan, 110 Ala. 254, 20 So. 99, 55 Am. St. Rep. 26) is simply to fix the status of the land in respect of ownership—to re-establish by decree muniments of title to it."' * * *

"In a proceeding under the statute, if the averments of the bill and answer conform to the requirements of the statute, the issues involve everything necessary to a determination by the court as to whether the complainant or the defendant has the superior title to the property, and it is proper for the court under the issues thus found to determine in which of the parties the title resides. Collier v. Alexander, 138 Ala. 245, 36 So. 367; Reeder v. Cox, 218 Ala. 182, 118 So. 338. 'The nature and purpose of the proceeding is such as to require an adjudication of the rights and claims of the parties at the time of the rendition of the decree.' Rucker v. Jackson, 180 Ala. 109, 60 So. 139, Ann. Cas. 1915C, 1058."

A direct attack was made by the instant bill to remove the cloud in question from complainant's title. Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210.

No good purpose would be served by a detailed discussion of the evidence showing the lack of jurisdictional facts and notice required of due process in the premises, as virtually affecting complainant and his lands. The decree of the circuit court is therefore affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

BROWN, J. (concurring).

I concur in the conclusion and in the opinion in so far as it holds that a bill filed under the statute (section 9905, Code 1923) is a direct attack. The court in such proceeding is expressly empowered by the statute to "consider and determine such title, claim, interest, or incumbrance, and shall, upon the finding of the jury, or upon such consideration and determination, finally adjudge and decree whether the defendant has any right, title, or interest in, or incumbrance upon, such lands, or any part thereof, and what such right, title, interest, or incumbrance is, and in or upon what part of the lands, the same exists; and such decree is binding and conclusive upon all the parties to the suit." Section 9908, Code 1923; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Collier v. Alexander, 138 Ala. 245, 36 So. 367; Rucker v. Jackson, 180 Ala. 109, 60 So. 139, Ann. Cas. 1915C, 1058.

The nature of the attack, whether direct or collateral, depends, not upon what is alleged in the pleadings of the particular case, but upon the character of the proceedings and the scope and extent of the jurisdiction conferred upon the court.

The majority opinion in the case at bar approves the holding in Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210, holding that a bill to quiet title under the statute is a direct attack, and that statutory estoppel cannot be applied where the essential provisions of the statute in respect to notice to the landowners have not been complied with.

So far as the nature of the attack is concerned, there is no difference or sound distinction between an original bill to quiet title brought by the landowner, and a cross-bill filed by such landowner in a proceeding to enforce the lien. If one is a direct attack, the other is also a direct attack.

The cross-bill in Penton v. Brown-Crummer Inv. Co., 222 Ala. 155, 131 So. 14, contained all the averments necessary to a bill to quiet title, and the holding in that case, that the attack was collateral, is in conflict with the holding in this case and in Jasper Land Co. v. City of Jasper, supra, and should be overruled. See, also, City of Decatur v. Southern Railway Company, 187 Ala. 364, 65 So. 536; Id., first appeal, 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231.