## WIMBERLY et al. v. COWAN INV. CORPORATION et al.

No. 7732.

Circuit Court of Appeals, Fifth Circuit.

Nov. 25, 1935.

issued by the city of Tuscumbia, Ala., praying relief which included the enforcement of assessments for street and sewer improvements in that city, which assessments were alleged to have been transferred and assigned by said city for the benefit of holders of bonds sued on, and after those suits had been consolidated, by an order made September, 1933, by leave of the court separate bills of intervention were filed in the consolidated cause by sundry individuals, the plaintiffs in each of those bills of intervention, as the same were amended, claiming to be the owner of a parcel of land alleged in the original bills to be subject to an assessment sought thereby to be enforced, and each of those bills of intervention as amended praying relief which included an adjudication that the ordinances and resolutions of the city of Tuscumbia undertaking to fix a lien against the property of the plaintiff in the bill of intervention are illegal and void, and that no lien was created or fixed against or on that property. Upon a submission of the causes upon the pleadings and evidence, the court rendered a decree dismissing the several bills of intervention. The plaintiffs in the bills of intervention appealed from that decree, and joined in assigning errors. By stipulation of the parties, the amended bills of complaint in only two of the suits brought by holders of bonds were incorporated in the record on appeal, those amended bills being similar to the omitted ones as to their import and the relief sought; and only the bill of intervention, with the amendments thereto, filed by the appellant Mrs. J. L. Wimberly, was incorporated in the record on appeal, the other amended bills of intervention being of similar import and seeking like relief, except that they respectively pertained to different improvement ordinances.

W. L. Chenault, of Russellville, Ala., and F. E. Throckmorton, of Tuscumbia, Ala., for appellants.

T. E. Twitty and Wm. H. Armbrecht, both of Mobile, Ala., Wm. Alfred Rose and Douglas Arant, both of Birmingham, Ala., John E. Deloney, Jr., and J. T. Kirk, both of Tuscumbia, Ala., G. W. L. Smith, of Brewton, Ala., and Wm. J. Rielly, of Cincinnati, Ohio, and J. Edward Thornton, of Birmingham, Ala., for appellees.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

After the filing in the court below of bills in equity by different owners of bonds

In behalf of the appellants it was claimed that the city of Tuscumbia was without power to improve its streets or other public ways by putting pavements, curbs, gutters, and sewers thereon or thereunder, or to charge the whole or part of the expense of such improvements against property abutting on such streets or public ways or the owners of such property. This claim is based upon the fact that, in pursuance of provisions of an act of Congress approved March 3, 1817 (3 Stat. 375), the United States caused territory now included in the city of Tuscumbia to be laid off as a townsite, to be platted into lots, blocks, streets,

and other public ways, a map thereof to be made, and lots shown thereon to be sold; some of such lots having been sold prior to the admission of Alabama as a state into the Union, and some of those lots were sold after such admission. Each lot so sold was conveyed by the United States to the purchaser thereof by reference to that map. That map showed thereon each of the streets, avenues, and other public ways undertaken to be improved under improvement ordinances introduced in evidence. The sale and conveyance of such lots by the United States by reference to that map terminated the interest in and control of the United States over the streets, avenues, and public ways shown by that map. Such sale of the lots was an effectual dedication for public uses of the streets and ways shown on the map, and the purchasers of the lots acquired a special interest in the streets and public grounds on which their lots abutted. United States v. Illinois Central R. Co., 154 U.S. 225, 237, 14 S.Ct. 1015, 38 L.Ed. 971; Burlington Gaslight Co. v. Burlington, etc., R. Co., 165 U.S. 370, 17 S.Ct. 359, 41 L.Ed. 749. The claim under consideration is not sustainable.

The challenged assessments were severally made at different times during the period extending from February, 1920, to July, 1929. The ordinance making the assessment which was attacked by the one bill of intervention which was incorporated in the record on appeal was adopted in June, 1925. The initial action of the governing body of the city looking to the making of that assessment was the adoption by the council of the city of Tuscumbia, in July, 1923, of an ordinance or resolution as to the making of described improvements, the cost of which was proposed to be assessed against the property abutting on or drained by said improvements. When the just mentioned initial or preliminary action was taken, the Code of Alabama of 1907 was in force. When the above-mentioned ordinance making the assessment was adopted, the Code of Alabama of 1923 was in force. The initial or preliminary steps to be taken when it is proposed by the governing body of a municipality to make an improvement and to assess against the property abutting on or drained by such improvement, the whole or part of the cost thereof are the same in the two Codes, except that the later Code (section 2178) contains a pro-

vision as to sending a copy of the initial ordinance by registered mail to the persons last assessing for city or town taxation the property proposed to be assessed for the described improvement. Code of Alabama, 1907, §§ 1361, 1362, 1363, 1364; Code of Alabama, 1923, §§ 2176, 2177, 2178, 2179. The initial or preliminary steps provided for by the just cited statutes when the council of a city or town propose or determine to make such improvement and to assess the whole or part of the cost thereof against abutting property are: The adoption of an ordinance or resolution providing for the improvement, describing its nature and extent, the general character of the materials to be used, the streets to be improved, and the location and terminal points of the improvement. That ordinance or resolution must direct that full details, drawings, plans, specifications and surveys of the work, and estimates of the cost be prepared, or plans already prepared may be adopted by the council; must provide for such details, drawings, etc., being placed on file where property owners may examine same; must appoint a time, not less than two weeks after the first publication of such ordinance or resolution, to hear objections to the improvement, the manner of making it or the materials to be used. The statute further provides that such ordinance or resolution must be published once a week for two weeks in some newspaper published in the city or town, or, if there be no such newspaper, in a newspaper of general circulation, or by posting for two weeks in three public places in such town or city.

The initial or preliminary step in the proceedings, which ended in the making of the assessment against property of the appellant Mrs. J. L. Wimberly, was the introduction and adoption on July 17, 1923, of an ordinance which conformed in all respects to the requirements of the statute as to the initial or preliminary ordinance or resolution provided for; that ordinance providing for the adoption by the council of details, drawings, etc., already prepared, and placed on file in the office of the city clerk, for the publication of the ordinance once a week for two consecutive weeks in a named newspaper published in said city, and for a meeting at a stated time and place to hear objections to the proposed improvement, the

manner of making it, or the material to be used. The subsequently made assessment against property of Mrs. Wimberly was not vitiated by the absence of evidence showing that the publication of the preliminary ordinance had been made as provided for therein. The publication provided for in that preliminary ordinance and other provided for steps preliminary to the notice of assessment, are not essential to the validity of the assessment made, if before such assessment is made the property owner has due notice and an opportunity to present every defense. The proceeding does not become a judicial one to fasten a lien for a specific amount upon specific property prior to the preparation of an assessment roll provided for by a statute referred to below. The meeting provided for in that preliminary ordinance was to deal with the executive or administrative question of approving or disapproving, in whole or in part, the proposal stated in that ordinance, not with the question of assessing stated parts of the cost of the proposed improvement against specific properties. The provision as to publication which was in force when that preliminary ordinance was adopted is not jurisdictional, but merely preliminary and administrative, related to the policy of entering into such enterprise, a matter in respect to which the statute invests the municipal board with final, irrevocable discretion. An objection based upon a failure to make such publication as ordered in the preliminary ordinance is waived by a property owner's failure to make such objection to the municipal board. Nashville, C. & St. L. R. Co. v. Town of Boaz, 226 Ala. 441, 443, 147 So. 195; City of Birmingham v. Wills, 178 Ala. 198, 212, 59 So. 173, Ann. Cas. 1915B, 746; Wynn v. First Nat. Bank of Dothan, 229 Ala. 639, 640, 159 So. 58.

The challenged assessment against property of Mrs. Wimberly was made by an ordinance adopted in June, 1925, after the work described in the preliminary ordinance had been completed, and when the Code of Alabama of 1923 was in force. With reference to assessing the cost of such an improvement against property abutting on or drained thereby that Code provides for the preparation of a roll or list showing the names of the property owners, and opposite each name a description of each lot or parcel of land proposed to be assessed for such improvement; for the preparation of an "assessment book for local improvements," in which such lists shall be entered; for notice by publication in a described newspaper, after the completion of such assessment book and the delivery thereof to the city or town clerk, that said assessment roll or list has been delivered to such clerk and is open for inspection; for a meeting of the council, at a time and place stated in such publication, to hear and determine any objections or defense that may be filed to such assessment or the amount thereof; for such notice stating the general character of the improvements, the terminal points thereof, and the streets, avenues, alleys, or other highways or portions thereof along which the improvement has been constructed; that "the owners of any real estate or any interest therein, which it is proposed to assess for the cost or any part thereof, of said improvement, may appear at any time on or before the date named in said notice, or at said meeting, and file in writing with the clerk or in his office any objections or defense to the proposed assessment against said property, or to the amount thereof, and persons who do not file objections in writing or protest against such assessments shall be held to have consented to the same"; for the council hearing and passing upon all objections and protests against the proposed assessments; for the council at such meeting or any adjourned meeting proceeding by order or resolution to fix the amount of the assessment against each lot or tract described and included in said assessment; and for such assessments constituting a lien on the respective lots or parcels of land upon which they are levied; and for an appeal to the circuit court, or any other court of like jurisdiction, by any person aggrieved by the decision of the council in making any assessment. Code of Alabama, 1923, § 2190 et seq. The above-mentioned provision for notice by publication of the delivery to the clerk of the assessment roll or list, and that it is open to inspection, constitutes due process, personal notice not being essential. Ex parte Gudenrath in re, etc., v. Gudenrath, 194 Ala. 568, 69 So. 629.

Minutes of the council of the city of Tuscumbia, set out in the record, show that in the making of the challenged assessment against property of Mrs. Wimberly all the above-mentioned statutory

456

provisions relating to such an assessment were substantially complied with, including the provisions as to notice by publication that the assessment roll or list has been delivered to the clerk and is open for inspection, and as to a meeting of the city council at which it would hear and determine any objection or defense to an assessment or the amount thereof. Mrs. Wimberly did not avail herself of the opportunity afforded her by the statute (Code of Alabama 1923, § 2196) to make any objection or defense to the proposed assessment against her property or the amount thereof. The last-cited provision of the statute gives her failure to do so the same effect as an express consent to the assessment. Ex parte Gudenrath in re, etc., v. Gudenrath, supra. The record contains nothing warranting the cancellation of that assessment as a nullity.

█ The appellants assign as error the refusal of the court to permit them to offer oral testimony to prove that no ordinance fixing the grade of the highways to be improved under the improvement ordinances introduced in evidence had been adopted before such improvement ordinances were confirmed by the city council, and the refusal of the court to permit the appellants to prove that the assessment roll referred to in said proceedings of the governing body of said city was not now in the possession of the city clerk of said city. As to Mrs. Wimberly, neither of the just mentioned rulings was erroneous, by reason of the fact that she consented to the assessment made against her property by failing to make, in any proceeding before the city council, any objection or defense to the proposed assessment against her property.

█ As to Mrs. Wimberly, the record shows no reversible error. The appeal is a joint one by all the plaintiffs in the bills of intervention. The only assignments of error are joint ones, of all the appellants. No assignment of error being good as to Mrs. Wimberly, none of such assignments of error is good as to any other appellant, a joint assignment of error not being available, unless it is good as to all joining in it. Dolbear v. Gulf Production Co. (C.C.A.) 268 F. 737, 741, certiorari denied Shannon v. Gulf Production Co., 255 U.S. 569, 41 S.Ct. 375, 65 L.Ed. 790; 3 Corpus Juris, 1352.

The record shows no reversible error. The decree is affirmed.